# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD MITCHELL, Jr.,

      Petitioner

vs.

Civil Action No.: 5:15–CV–138
(JUDGE STAMP)

DAVID BALLARD, Warden,

      Respondent.

## I. INTRODUCTION

On October 28, 2015, the *pro se* Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. ECF No. 1. On January 25, 2016, the undersigned conducted a preliminary review of the file and determined that the Petition appeared to be untimely filed. Accordingly, Respondent was directed to file a response on the limited issue of the timeliness of the petition. ECF No. 17.

On February 22, 2016, Respondent filed an Answer to the Petition and a Motion to Dismiss as Untimely. ECF Nos. 19 & 20. On February 23, 2016, the Court issued a Notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir.1975), advising the Petitioner of his right to file material responsive to Respondent's Motion to Dismiss. ECF No. 21. The Petitioner filed his Response on April 7, 2016. ECF No. 29. On April 13, 2016, Respondent filed a Reply. ECF No. 30.

## II. BACKGROUND

### A. PETITIONER'S CONVICTION AND SENTENCE

According to the pleadings, on January 17, 2001, Petitioner was indicted on thirteen

felony counts related to the sexual molestation of two minor children. The State withdrew two of the charges after the close of its case-in-chief. Petitioner was convicted of the remaining eleven charges. On September 18, 2007, Petitioner filed a notice of intent to appeal his conviction. The West Virginia Supreme Court of Appeals refused Petitioner's direct appeal on November 5, 2008.

## B. PETITIONER'S STATE HABEAS PETITION

On April 20, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of Berkeley County, West Virginia. Petitioner was appointed counsel, and, on October 21, 2010, submitted an agreed order dismissing his petition for a writ of habeas corpus without prejudice. On May 5, 2011, Petitioner filed a second petition for habeas corpus in state court. The state circuit court denied Petitioner relief on January 30, 2014. Petitioner appealed the court's decision, and the West Virginia Supreme Court affirmed on November 21, 2014. The Supreme Court issued a mandate on December 22, 2014, finalizing its decision. On January 15, 2016, Petitioner filed a third petition seeking a writ of habeas corpus in State court.

## C. RESPONDENT'S MOTION TO DISMISS

In the Motion to Dismiss, Respondent argues that the Petition is untimely filed. In support of the Motion, Respondent asserts that the Petitioner's conviction became final on February 4, 2009, ninety days after the West Virginia Supreme Court refused his direct appeal. Respondent avers that there are four "gaps" in Petitioner's State court proceedings in which there was no tolling. These four gaps total six hundred seven (607) days, significantly over the statutorily imposed three hundred sixty five day limit.

## D. THE PETITIONER'S RESPONSE

In his reply to Respondent's Motion to Dismiss, Petitioner concedes that his Petition is untimely; however, he alleges that "its untimeliness is due to numerous and varying reasons." ECF No. 29 at 1. Specifically, Petitioner asserts that he has had mental and physical health issues; he is mentally incompetent; the prison where he is incarcerated has hindered his ability to seek justice; and his prior counsel did not tell him that he only had one year, without tolling, to file a federal habeas corpus petition. As such, Petitioner asks this Court to Recommend that the State's Motion to Dismiss be denied.

## II. ANALYSIS

### A. TIMELINESS OF THE PETITION

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. § 2244(d). Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, the petition is clearly untimely. Petitioner's conviction became final on February 4, 2009, ninety days after the West Virginia Supreme Court refused his direct appeal. Seventy-five (75) days later Petitioner filed his first State habeas petition. Petitioner then voluntarily dismissed that petition on October 21, 2010, and the clock again began running, until Petitioner filed his second State petition on May 5, 2011—one hundred ninety-five (195) days later. The second petition was denied on January 30, 2014, and Petitioner appealed on February 28, 2014.[1] The West Virginia Supreme Court issued its final mandate on December 22, 2014. Three hundred nine (309) days later Petitioner filed the present Petition. Accordingly, Petitioner has taken approximately five hundred seventy-nine (579) days to request federal review: two hundred fourteen days beyond the one year filing limitation found in 28 U.S.C. § 2244(d). The Court also notes that Petitioner does not contest that his Petition is untimely.

**B. EQUITABLE TOLLING**

Without specifically saying so, it appears that the petitioner is arguing that he is entitled to equitable tolling for four reasons. The AEDPA statute of limitations is subject to equitable modifications such as tolling. *Harris v. Hutchinson*, 209 F.3d at 328–29. However, "[e]quitable tolling is available only in 'those rare instances where-due to

---

[1] Although Respondent includes this twenty-eight days in his calculation of time that counts against Petitioner, this Court believes that it does not count because Petitioner timely appealed.

circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result .' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (internal citations omitted).

In support of his claim for equitable tolling, the Petitioner first asserts that his mental health issues or mental incompetency should be taken into consideration. Petitioner attached some medical records as Exhibit A to his Response to support this contention, and the Court has reviewed those records. However, the Court must agree with Respondent, in his [ECF No. 30] Reply, that Petitioner has never before attempted to allege incompetence and there is no evidence, during any of Petitioner's legal proceedings—including this one, that he ever has been mentally incompetent. Moreover, Petitioner has been capable of filing multiple *pro se* pleadings and motions.

Petitioner also claims that he "is housed at a prison that has hindered his ability to seek justice in this matter[.]" ECF No. 29 at 1. Yet, Petitioner offers absolutely no argument or evidence for this contention. Finally, Petitioner asserts that his attorney never told him about the time limit to file a habeas in federal court. Petitioner fails to explain how either of these claims prevented him from timely filing his federal habeas petition. In other words,

> Petitioner seeks to place the blame for remaining ignorant of the limitations period and its interrelationship to the requirement of exhausting state court remedies entirely on his . . . attorney. The "'usual rule,'" however, " 'is that attorney errors will be attributed to their clients.'" *McHenry v. Pennsylvania State System of Higher Education*, 50 F.Supp.2d 401, 407 (E.D.Pa. 1999). Furthermore, ignorance of the law, even for a *pro se* incarcerated prisoner, as well as an attorney, typically does not excuse prompt and timely filing.

*Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001); accord *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (same), cert. denied, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001); *see Pearson v. State of North Carolina*, 130 F.Supp.2d 742, 744 (W.D.N.C. 2001) (section 2254 petitioner's ignorance of proper AEDPA calculation did not warrant equitable tolling); *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 172 n.7 (S.D.N.Y. 2000) (lack of knowledge of law did not excuse timely filing under section 2244(d)); *see also Mendez v. Artuz*, 2000 WL 991336 at * 2 (S.D.N.Y. July 19, 2000) (fellow inmate's inaccurate legal advice did not excuse the petitioner from complying with section 2244(d)(1) deadline); *Celikoski v. United States*, 114 F.Supp.2d 42, 43–45 (D.R.I. 2000) (delay in learning of denial of direct appeal did not justify equitable tolling).

*Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 107–08 (D. Mass. 2001)

Accordingly, the undersigned finds that Petitioner has not shown that extraordinary circumstances existed, beyond his own conduct or control, that prevented him from timely filing his § 2254 petition. Thus, Petitioner has failed to meet the requirements for equitable tolling, and the Petition should be denied as untimely.

## III. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the [ECF No. 20] Respondent's Motion to Dismiss Petition as Untimely Filed be **GRANTED** and the [ECF Nos. 1 & 10] Petitioner's Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED** with prejudice.

Any party may, within fourteen (14) days of the filing of this Recommendation, file with the Clerk of Court written objections identifying those portions of the Recommendation to which objection is made and the basis for such objections.

A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court

based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further **DIRECTED** to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: April 20, 2016                    /s/ *James E. Seibert*
                                         JAMES E. SEIBERT
                                         U.S. MAGISTRATE JUDGE