IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD MITCHELL, JR.,

    Petitioner,

v.                                          Civil Action No. 5:15CV138
                                                        (STAMP)

DAVID BALLARD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION TO DISMISS
AND DENYING PETITION**

    The petitioner, Edward Mitchell, Jr. ("Mitchell"), filed this pro se[1] petition under 28 U.S.C. § 2254 arguing that he is being held in state custody in violation of the Constitution or laws or treaties of the United States. The respondent filed a motion to dismiss the petition as untimely filed. This matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report recommending that this Court grant the respondent's motion to dismiss and deny the petition as untimely. Mitchell did not timely file objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

recommendation, grants the respondent's motion to dismiss, and denies the petition.

## I. Background

In 2001, Mitchell was convicted of eleven charges relating to the sexual molestation of two minor children. On September 18, 2007, Mitchell filed a notice of intent to appeal his conviction. The West Virginia Supreme Court of Appeals denied Mitchell's petition for direct appeal on November 5, 2008.

Mitchell filed a petition for the writ of habeas corpus in West Virginia state court on April 20, 2009. On October 21, 2010, Mitchell voluntarily dismissed his petition without prejudice. Mitchell filed a second petition in West Virginia state court on May 5, 2011. The state court denied his petition on January 30, 2014. Mitchell appealed, and the West Virginia Supreme Court of Appeals affirmed the lower court on November 21, 2014 and issued a mandate on December 22, 2014. Mitchell filed a third petition in state court on January 15, 2016.

On October 28, 2015, Mitchell filed this petition under 28 U.S.C. § 2254 challenging the validity of his conviction. Magistrate Judge Seibert ordered the respondent to file a response regarding whether the petition was timely filed under 28 U.S.C. § 2244(d). The respondent then filed a motion to dismiss the petition as untimely, and Mitchell filed a response in opposition to that motion arguing that the statute of limitations should be

equitably tolled. The magistrate judge issued a report recommending that the respondent's motion to dismiss be granted and that the petition be denied as untimely. Mitchell did not file any objections to the magistrate judge's report and recommendation.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because Mitchell did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified in scattered sections of Titles 8, 18, 22, 28, and 42 of the United States Code) imposes a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). Specifically, the AEDPA provides that the imitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that

3

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The magistrate judge applied the statute of limitations and found that the petitioner failed to file his federal habeas petition in a timely manner. Specifically, the magistrate judge found that, after tolling the periods during which Mitchell's habeas petitions in state court were pending, Mitchell exceeded the limitation period for his § 2254 petition by two hundred fourteen days. Mitchell's conviction became final on February 4, 2009, ninety days after the West Virginia Supreme Court of Appeals denied his direct appeal. Seventy-five days later, Mitchell filed his first petition for the writ of habeas corpus in state court, which he then voluntarily dismissed on October 21, 2010. One hundred ninety-five days later, Mitchell filed his second habeas petition in state court. The West Virginia Supreme Court of Appeals affirmed the denial of that petition and issued its mandate on December 22, 2014. Three hundred nine days later, Mitchell filed this § 2254 petition. Thus, excluding the time during which his habeas petitions in state court were pending, Mitchell filed his § 2254 petition five hundred seventy-nine days after his conviction became final, well beyond the one-year limitation period.

Magistrate Judge Seibert also found that the facts alleged by the petitioner do not support equitable tolling. "Equitable tolling is available only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

Mitchell argues that equitable tolling should apply because he is mentally incompetent, he is unable to diligently litigate this matter due to his incarceration, and his counsel never informed him of the limitation period for filing for federal habeas relief. The magistrate judge concluded that Mitchell failed to establish mental incompetence because the medical records he provided do not show incompetence, he has never been adjudicated incompetent, he has never argued incompetence before, and he has been capable of adequately proceeding pro se in this civil action. The magistrate judge also concluded that Mitchell's incarceration is not a ground for equitable tolling and that Mitchell provided no evidence of special circumstances in the facility that prevented him from timely filing his petition. Finally, the magistrate judge

concluded that Mitchell's counsel's failure to adequately inform Mitchell of the limitation period is not sufficient for equitable tolling, as ignorance of the law does not excuse a failure to timely file.  This Court finds no error in the magistrate judge's findings or conclusions.

IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 33) is AFFIRMED AND ADOPTED. Accordingly, the respondent's motion to dismiss (ECF No. 20) is GRANTED, and the petitioner's petition under § 2254 (ECF Nos. 1, 10) is DENIED.

It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Under Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     May 27, 2016

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE